UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL T. RICE (#359541)                                          CIVIL ACTION

VERSUS

JAMES LeBLANC, ET AL.                                              NO. 16-0060-JJB-EWD

O R D E R

Before the Court is Plaintiff's Motion for a Preliminary Injunction (R. Doc. 11).

*Pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Ass't Warden Jonathan London, Lt. Cindy Vannoy and Ass't Warden Leslie Dupont, complaining that the defendants have violated his constitutional rights through interference with his practice of religion. Plaintiff alleges that he practices the "Wicca" religion and engages in reading tarot cards as part of this practice. He complains, however, that prison officials have refused to allow him to purchase a book, "Tarot of the Magician," which allegedly contains tarot cards. In the instant request for injunctive relief, Plaintiff prays for an Order directing prison officials to "provide Plaintiff with his religious literature and tarot cards."

In order to obtain injunctive relief, Plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Id.* at 196.

On the record before the Court, it does not appear that Plaintiff is entitled to the relief requested. Whereas he is clearly dissatisfied with the decision of prison officials not to allow him to possess tarot cards and literature, and whereas he contends that this decision infringes upon his ability to practice his religion, the Court concludes that this claim is susceptible of resolution in this ordinary proceeding. In addressing similar claims, courts have concluded that a prohibition against the possession of tarot card is constitutionally permissible. *See McAlister v. Livingston*, 348 Fed. Appx. 923, 933 n. 5 (5th Cir. 2009) ("We have previously recognized that prohibitions on in-cell possession of ... tarot cards withstand [constitutional] scrutiny"), citing *Mayfield v. Texas Dept. of Criminal Justice*, 529 F.3d 599, 610-11 (5th Cir. 2008) (noting that tarot cards "can be used for gambling, trafficking and trading"). *See also Singson v. Norris*, 553 F.3d 660 (8th Cir. 2009) (affirming a judgment for prison officials who disallowed possession of tarot cards to inmates); *Marx v. Larsen*, 2003 WL 22425032, * (N.D. Tex. Sept. 24, 2003) (granting summary judgment in favor of prison officials who disallowed certain religious items, including tarot cards, to inmates). Accordingly, Plaintiff has failed to establish that he has a substantial likelihood of success on the merits. Therefore, the Court finds that Plaintiff has failed to establish the essential components of a viable claim for injunctive relief in this case, and the instant motion shall be denied.

**IT IS ORDERED** that Plaintiff's Motion for a Preliminary Injunction (R. Doc. 11) is hereby **DENIED**.

Baton Rouge, Louisiana, this 28th day of June, 2016.

**JAMES J. BRADY**
**UNITED STATES DISTRICT JUDGE**